2006 BNH 043
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 05-15240-MWV |
| | Chapter 7 |
| Pamela J. Kirby, | |
|     Debtor | |
| | |
| Brad Kirby, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 06-1065-MWV |
| | |
| Pamela J. Kirby, | |
|     Defendant | |

*Charles W. Gallagher, Esq.*
HAUGHEY, PHILPOT & LAURENT, P.A.
*Attorney for Plaintiff*

*Leonard G. Deming, III, Esq.*
DEMING LAW OFFICE
*Attorney for Defendant*

## MEMORANDUM OPINION

Before the Court is the matter of whether the Debtor's ex-spouse is a "creditor" and thus has standing to object to the Debtor's discharge pursuant to section 727(a).[1]  The Debtor filed a motion for summary judgment.  For the reasons stated below, the court finds that the purported creditor has no bankruptcy claim and is not a creditor.  Accordingly, the Debtor's motion for summary judgment is granted.

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to October 17, 2005, 11 U.S.C. § 101, *et seq.*

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On October 14, 2005, Pamela J. Kirby (the "Defendant") filed a voluntary Chapter 7 petition. The Defendant and Brad Kirby (the "Plaintiff") were divorced after sixteen years of marriage, as evidenced by a divorce decree dated November 30, 2004.  Following an appeal by the Plaintiff, the New Hampshire Supreme Court affirmed the divorce decree.  During the marriage, the Plaintiff operated the business Design Works, which the divorce decree awarded to the Plaintiff.

> BUSINESS INTEREST OF THE PARTIES:  [Plaintiff] is awarded all of his interest in Design Works and will be responsible for any debts of such business.  [Plaintiff] will indemnify and hold [Defendant] harmless from any claims made in connection with a debt of the business.  The IRS debt associated with the business shall be [Plaintiff's] sole responsibility.  Preservation of the records of the business was his responsibility.

(Divorce Decree ¶ 14).  Despite his responsibility to preserve business records, the Plaintiff has repeatedly claimed that the Defendant is withholding records that he needs in order to respond to an Internal Revenue Service ("IRS") audit.  The Plaintiff filed a motion to compel production in superior court, which ordered on May 2, 2006, "insofar as [Defendant] has in her possession any of the records of [Plaintiff's] business that are necessary for him to prepare tax returns, [Defendant] shall turn said records over to [Plaintiff] within ten (10) days of this order."  (Superior Court Order May 2, 2006).

Another superior court order, issued after the Plaintiff commenced this adversary proceeding but before this Court's hearing on summary judgment, reads as follows:

> In this [Motion for Contempt II], [Plaintiff] seeks to have [Defendant] held in contempt for failure to comply with the portion of this court's order of May 2, 2006 which ordered [Defendant] to turn over to [Plaintiff] copies of any records of [Plaintiff's] business that remain in her possession.  Based on the evidence submitted at the hearing, the court finds

> that most of the records [Plaintiff] seeks either were already turned over to him or his counsel prior to the entry of the final decree or are no longer in [Defendant's] possession or control. The only exception to this is that [Defendant] does have possession of copies of some of the parties' joint income tax returns for the years 1995 through 2003. Insofar as [Defendant] does have these documents, she is ordered to provide copies of the same to [Plaintiff] by mail within ten (10) days. [Defendant] also may charge petitioner whatever reasonable costs are incurred by her in making copies of these documents. In all other respects, the Motion for Contempt II is denied.

(Def. Ex. 1: Superior Court Order August 1, 2006).

The Plaintiff brings this adversary proceeding pursuant to section 727(a), objecting to the Defendant's Chapter 7 discharge. The Defendant answered and then filed a motion for summary judgment, arguing that the Plaintiff is not a "creditor" and therefore lacks standing to object under section 727(a). Only "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 727(c). While the Plaintiff in his objection to summary judgment argued that the Defendant's alleged withholding of documents gives rise to a claim, and thus makes him a creditor, at the hearing he offered a second argument for creditor status, based on Paragraph 22 of the divorce decree, which provides, *inter alia*:

> B.   Tax Refunds:
>
>    (i)  The parties may file separate tax returns for 2003 and 2004. . . .
>
>    (ii)  Should the parties be audited for previously filed tax returns, the party whose omission or error was responsible for any resulting taxes, penalties or interest will be responsible for payment of the taxes, penalties or interests. If there was a mutual mistake, the parties will pay equally because they both received the benefit of the income.

(Divorce Decree ¶ 22). The Plaintiff argues that this provision gives rise to a claim in bankruptcy. The Court took the matter under advisement upon the close of oral arguments.

## DISCUSSION

As stated above, the Plaintiff must be a "creditor" in order to have standing to bring his section 727(a) complaint. A creditor is an entity that has a pre-petition claim. See 11 U.S.C. § 101(10). Section 101(5) defines "claim" as a

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5).

The Plaintiff first argues that the Defendant's alleged failure to turn over business records gave rise to a pre-petition claim. The divorce decree awarded the business to the Plaintiff and also stated that "[p]reservation of the records of the business was his responsibility." (Divorce Decree ¶ 14). Nevertheless, in response to the Defendant's motion for contempt, the superior court ordered on May 2, 2006, that "insofar as [Defendant] has in her possession any of the records of [Plaintiff's] business that are necessary for him to prepare tax returns, [Defendant] shall turn said records over to [Plaintiff] within ten (10) days of this order." (Superior Court Order May 2, 2006). The language of the May 2 order indicates that the Defendant may not even have had any of the Plaintiff's records in her possession. Moreover, the superior court found, in its August 1, 2006, order, that the Defendant has either turned over the documents or does not have possession of the documents. (Def. Ex. 1). The "only exception" was that the Defendant was ordered to provide the Plaintiff with copies of certain joint income tax returns, which the Plaintiff could obtain himself from the IRS. Thus, the superior court has resolved the matter, concluding that, aside from the copies of tax returns, the Defendant owes the Plaintiff no records. Even if the records would give rise to a "right to payment" under section 101(5)—which the Court doubts—the Plaintiff's demand for records has been resolved by the superior court and, therefore, no bankruptcy claim remains. See In re Vahlsing, 829 F.2d 565 (5th Cir. 1987) (finding that the debtor's sister was not a bankruptcy "creditor" because her claim had been dismissed in state court).

At oral argument, the Plaintiff advanced his argument that Paragraph 22 of the divorce decree creates a bankruptcy claim. That paragraph provides that if the parties are audited for joint returns for tax

years *prior* to 2003, the party responsible for any additional taxes, penalty, or interest shall be liable. The Plaintiff is currently being audited for his 2003 tax return. The language of the divorce decree does not create potential liability of the Defendant for the Plaintiff's 2003 tax return, only "for previously filed tax returns." (Divorce Decree ¶ 22). The IRS notice of deficiency reveals that the notice was sent only to the Plaintiff and that the Plaintiff's filing status in 2003 was "married filing separately," as permitted by the divorce decree. Although the Plaintiff asserts that he will be audited for previous years, the evidence before the Court shows that he is now being audited only for his 2003 return.

Any potential liability of the Defendant is remote, contingent upon several steps: an additional audit taking place; the assessment of additional taxes, penalties, or interest; and a determination that the Defendant was at fault. While it is possible that at some time in the future the Defendant may become liable for taxes arising from joint tax returns for tax years 2002 and before, the Plaintiff does not now have a right to payment, a prerequisite for a claim. See 11 U.S.C. § 101(5).

## CONCLUSION

The Plaintiff's motion for summary judgment is granted. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a final judgment consistent with this opinion.

DATED this 31st day of October, 2006, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge